**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 2:25-CR-00120-LEW** |
| | ) | |
| **ANDREA COCHRAN** | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

## 1. Introduction

The Defendant Andrea Cochran, by and through her counsel, respectfully submits this sentencing memorandum in advance of her upcoming sentencing hearing. Ms. Cochran respectfully asks this Honorable Court to impose a sentence that is sufficient, but not greater than necessary, under Title 18, United States Code (U.S.C.) section (§) 3553(a).   More specifically, Ms. Cochran respectfully requests this Honorable Court impose the following sentence:

(1) On Counts 1 and 2: a one-day, with the sentences on Counts 1 and 2 ordered to run concurrently with each other;

(2) On Count 3: a mandatory twenty-four (24) month consecutive sentence required by 18 U.S.C. § 1028A;

(3) A term of supervised release with conditions outlined in the Revised Presentence Investigation Report (PSR); and

(4) Restitution as outlined and previously agreed upon and, in the Plea, Agreement.

The above recommended sentences recognize the seriousness of the offenses, the demonstrated harm to the victims, and Congress's mandate for a consecutive penalty for aggravated identity theft convictions.   Such a sentence would also account for Ms.

1

Cochran's substantial pretrial incarceration period (almost 24 months), her lesser role in a broader criminal scheme directed by others across state lines, her extraordinary trauma history as outlined in the PSR, her lengthy history of substance abuse disorder, and her long history of mental-health difficulties.  Lastly, this recommended sentence would reflect Ms. Cochran's genuine acceptance of responsibility.

## 2. Procedural Background and Sentencing Exposure

Ms. Cochran stands before this Honorable Court convicted of Count 1: Bank Fraud in violation of 18 U.S.C. § 1344, Count 2: False Use of a Passport in violation of 18 U.S.C. § 1543, and Count 3: Aggravated Identity Theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028A(b).  On August 28. 2025, Ms. Cochran, pursuant to written Plea Agreement, pleaded guilty before this Honorable Court to the aforementioned counts. Prior to the pleas of guilty, the Government distributed, and Ms. Cochran agreed to, the Prosecution Version (ECF S-3557751).  Ms. Cochran, along with her counsel, have reviewed the PSR (ECF 44) and previously submitted objections which do not need to be addressed.

The plea agreement confirms that Count 3 carries a mandatory 24-month prison term consecutive to any other sentence imposed on Counts 1 and 2. The parties agreed to recommend that any imprisonment imposed on Counts 1 and 2 run concurrently with each other, and they did not agree that Count 3 could run concurrently with any other sentence.

The PSR calculates a total offense level of 11 and a criminal history category of III for Counts 1 and 2, producing a guideline range of 12 to 18 months. With the mandatory consecutive sentence on Count 3, the PSR identifies an aggregate guideline

range of 36 to 42 months. The Government has objected to grouping and to the mitigating-role reduction; if the Court sustains those objections, the government's position would produce an offense level of 14, a range of 21 to 27 months on Counts 1 and 2, and an aggregate range of 45 to 51 months.

The Defendant urges this Honorable Court to adopt the PSR's guideline calculation, including grouping and the minor-role reduction. But regardless of the final guideline calculation, the Ms. Cochran submits the Court retains authority under 18 U.S.C. § 3553(a) to impose a sentence on Counts 1 and 2 that is no greater than necessary. Here, that sentence should be 1 day to serve, concurrent on Counts 1 and 2, followed by the mandatory 24-month consecutive sentence on Count 3.

## 3. Offense Conduct

The offense involved use of personal identifying information and fraudulent identification documents to withdraw funds from Maine financial institutions. The PSR describes Ms. Cochran as a "Scottie." A Scottie is a person sent into financial institutions to present fraudulent identification and conduct the withdrawals while her handlers remain outside, direct the scheme by earpieces and radios, controlled the documents and information, and retained the proceeds from the fraud. According to the PSR, Ms. Cochran's role was to enter the bank and represent herself as the victim account holder.  The handlers selected targets, supplied personal identifying information and fraudulent identification documents, arranged travel, lodging, food, drugs, and logistics, and kept the proceeds.

For the conduct underlying Counts 1 through 3, Ms. Cochran made two withdrawals from LW's account at the Cumberland County Credit Union branch in

Westbrook totaling $12,000. The PSR also identifies two additional withdrawals the same day from the Portland branch totaling $14,100, and restitution of $28,100 is identified in the PSR and plea materials.  Ms. Cochran does not minimize or dimmish the harm. The victims were real people and institutions, and the offense caused financial loss, distress, and institutional harm. She accepts responsibility for that harm and understands that restitution must be imposed as agreed to. But the sentence should also reflect her actual role, personal history, and the time she has already served.

Noteworthy, is where this case began.  The organizers of this scheme found Ms. Cochran homeless and living in the streets of Houston, Texas.  After plying Ms. Cochran with narcotics to sustain her addiction, the organizers then drove Ms. Cochran away from Texas, around the continental USA and ultimately to Maine to perpetuate this crime.  Once local Maine authorities were alerted, Ms. Cochran was apprehended and her organizers fled and have not yet been charged. Ms. Cochran was initially charged by State of Maine prosecutors and has been held since June 20, 2024.  As outlined on page 20 and 21 of the PSR the State of Washington has active warrants pending against Ms. Cochran for similar offenses related to this scheme.

## 4. Legal Framework

Under 18 U.S.C. § 3553(a), the Court must impose a sentence that is sufficient, but not greater than necessary to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. The advisory guideline range is the starting point, but it is not the endpoint. The Court must consider the nature and circumstances of the offense, Ms. Cochran's history and characteristics, the need for

4

the sentence imposed, the available sentencing options, the need to avoid unwarranted disparities, and restitution.

Count 3 is governed by 18 U.S.C. § 1028A. That statute requires a 24-month term of imprisonment for aggravated identity theft and requires that term to run consecutively to any other sentence. The statute also prohibits the Court from reducing the sentence for the predicate felony (Count 1) simply to compensate for the mandatory § 1028A sentence. See *U.S. v. Vidal-Reyes*, 562 F.3d 43 (1st Cir. 2009).

However, that limitation does not eliminate the Court's broader duty to impose a § 3553(a) sentence that is no greater than necessary. Nor does it prevent the Court from imposing a sentence on Counts 1 and 2 that is independently justified by the guideline calculation, Ms. Cochran's actual role, her personal history, her acceptance of responsibility, the need for treatment, and the substantial time she has already spent detained. The sentence requested here is not an effort to nullify Count 3. Instead this recommendation gives full effect to Count 3 by adding the mandatory 24-month consecutive sentence, while asking that Counts 1 and 2 receive no more incarceration than is independently necessary.

The First Circuit has held that § 1028A does not bar a sentencing court from considering the mandatory consecutive identity-theft sentence when sentencing on non-predicate offenses charged in the same case. In *Vidal-Reyes*, the 1st Circuit held "…that a district court, in sentencing a defendant on a 18 U.S.C. § 1028A aggravated identity theft conviction, is not precluded from taking § 1028A's mandatory sentence into account in sentencing a defendant on other counts of conviction charged in the same

indictment that are not predicate felonies underlying the § 1028A conviction. *Vidal-Reyes*, at 55.

Count 2 is not identified in the Information as the predicate felony for Count 3; Count 3 specifically alleges that the aggravated identity theft occurred during and in relation to the bank fraud charged in Count 1. Thus, at minimum, the Court may consider the mandatory 24-month consecutive sentence when determining the appropriate sentence on Count 2.

The U.S. Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), although addressing 18 USC § 924(c), reinforced the ordinary sentencing principle that courts generally consider the total punishment produced by multiple counts when applying § 3553(a), unless Congress clearly provides otherwise. Section 1028A contains a specific limitation for the predicate count, and Ms. Cochran does not ask the Court to disregard it. She instead asks the Court to impose a sentence on Counts 1 and 2 that is independently warranted and no greater than necessary.

### 5. One-Day Sentence on Counts 1 and 2 Is Sufficient, But Not Greater Than Necessary

**Ms. Cochran has already served a substantial custodial sentence**

Ms. Cochran has been detained since June 20, 2024: first on related State of Maine charges and then on federal charges beginning on July 8, 2024.  She entered federal custody on July 8, 2026.   She has now spent approximately two years in custody. That time is already greater than the PSR's advisory range for Counts 1 and 2 and roughly equivalent to, or greater than, the range even if the Court were to consider the government's objections in part.

Ms. Cochran submits that additional imprisonment on Counts 1 and 2 would not materially advance deterrence, public protection, or respect for the law beyond what has already been achieved by two years of pre-sentence custody.  The federal felony convictions, the restitution order, the mandatory consecutive Count 3 sentence, and a structured term of supervised release as outlined in the PSR will.

### Ms. Cochran was a minor participant in a larger scheme

The PSR appropriately applies a minor-role reduction. Ms. Cochran was not the organizer, Scottie handler, document producer, personal-information source, target victim selector, vehicle owner, or fraud proceeds benefactor. Ms. Cochran was the person sent into banks while others remained outside, directed the activity, supplied the fraudulent documents, supplied the personal identifying information, chose the banks, paid expenses, provided drugs, and kept all the proceeds.  It is further reasonable to infer these major handlers/ organizers prayed on Ms. Cochran's addiction, poverty, homelessness, and mental health struggles to use her in this scheme.  Further, the fact Ms. Cochran and others were transported across state lines created a situation where Ms. Cochran was beholden on these organizers to survive or risk being left behind in a foreign city or state she was unfamiliar with and had no ties.

Ms. Cochran's role was significant and serious, but it was substantially less culpable than the role of those who recruited her, controlled the logistics, manufactured or obtained fraudulent documents, obtained victims' personal identifying information, and retained the proceeds. The Court should sentence Ms. Cochran based on her actual role, not the full culpability of the unidentified handlers who exploited her vulnerability and left her to bear the entire arrest risk.

**Defendant's history and characteristics strongly support
a treatment-focused sentence**

Ms. Cochran's life history is marked by severe, chronic childhood abuse, sexual exploitation, early exposure to drugs, family violence, homelessness, serious medical issues, mental-health diagnoses, and long-term substance-use disorder. The PSR documents diagnoses including major depressive disorder, PTSD, obsessive-compulsive disorder, generalized anxiety disorder, and possible bipolar disorder, as well as a history of suicide attempts. It also documents lifelong substance-use issues, especially methamphetamine, and her stated desire for treatment and sobriety.  Since Ms. Cochran's arrest on June 20, 2024 she has experienced the longest stretch of sobriety in her adult life.

Obviously, these facts do not excuse the offenses Ms. Cochran plead guilty to. However, her history does explain the pathway that led Ms. Cochran to be vulnerable to recruitment and exploitation by others. They also show that the best protection for the public is not additional incarceration beyond the mandatory sentence, but structured supervision, substance-abuse treatment, mental-health treatment, medical care, and a stable reentry planning along with her supervised release.

**Acceptance of responsibility and remorse are genuine**

Ms. Cochran waived indictment, pleaded guilty, accepted the prosecution version, and expressed remorse. The PSR reports that she stated, "I wish I could do it over the right way," and that she felt deep shame for what she did to the victims. Her acceptance saved the government and victims the burden of further litigation and supports a sentence at the low end—or below—the advisory range for Counts 1 and 2.

**6.  Government's Objections**

If the Court sustains the government's objections to grouping or the mitigating-role reduction, Ms. Cochran still asks the Court to vary downward to a one-day sentence on Counts 1 and 2, concurrent with each other. Respectfully the Defendant submits a variance is warranted under § 3553(a) because the advisory range would overstate the need for additional punishment in light of her two years of pre-sentence detention, her limited role as discussed above, her vulnerability to recruitment, her trauma and treatment needs, her acceptance of responsibility, and the mandatory consecutive 24-month sentence on Count 3.

The requested sentence is not a request to avoid punishment. Ms. Cochran has already been punished substantially and Count 3 will add a mandatory consecutive two-year term. The requested sentence respectfully asks the Court to stop at the point required by the parsimony principle: a sentence sufficient to punish, deter, protect the public, promote rehabilitation, and provide restitution—but not greater than necessary. See *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) ("sufficient, but not greater than necessary, to comply with the purposes [of sentencing] set forth in 18 U.S.C. § 3553(a)(2)").

**7. Conclusion**

For the foregoing reasons, Ms. Cochran respectfully asks the Court to impose a one-day sentence on Counts 1 and 2, concurrent with each other, followed by the mandatory 24-month consecutive sentence on Count 3, with supervised release with conditions as outlined in the PSR.

**Dated this 29th day of June 2026**.

/s/ Matthew A. Crockett

Counsel for Defendant Andrea Cochran

## CERTIFICATE OF SERVICE

I do hereby certify that on the above date I attempted to make service of the above pleading by electronically filing the same using the Court's EM/ECF system.

/s/ Matthew A. Crockett

Counsel for Defendant Andrea Cochran